UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

AGUSTIN GONZALEZ,

Defendant.

No. 2:24-cr-00012-TLN-3

**ORDER**

This matter is before the Court on Defendant Agustin Gonzalez's ("Defendant") Motion to Continue Sentencing. (ECF No. 294.) The Government opposes the Motion. (ECF No. 304.) For the reasons set forth below, the Court DENIES Defendant's Motion. Sentencing will proceed as scheduled on August 6, 2026.

///

///

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2024, Defendant was charged with one count of conspiracy to distribute and possess with intent to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 846 ("Count One"), one count of possession with intent to distribute at least one kilogram of a mixture and substance containing heroin in violation of 21 U.S.C. § 841(a)(1) ("Count Four"), and possession with intent to distribute at least 40 grams of a mixture and substance containing fentanyl in violation of 21 U.S.C. § 841(a)(1) ("Count Five"). (ECF No. 42.)

On September 19, 2024, Defendant pleaded guilty to Count One of the Indictment. (ECF No. 114.) The Court then set a date for sentencing, referred the matter to Probation to prepare a Presentence Report ("PSR"), and set a schedule for the parties to file sentencing memoranda. (*Id.*; ECF No. 116.) On April 15, 2025, a final PSR was filed. (ECF No. 216.)

Since Defendant pleaded guilty in September 2024, he has filed eight requests to continue sentencing with no objection from the Government. (ECF No. 151, 194, 212, 220, 241, 246, 254, 275.) On June 4, 2026, Defendant requested the matter be set for an additional status conference due to his health and his need for a kidney transplant. (ECF No. 289.) The Government argued for sentencing to be set. (*Id.*) The Court set Judgment and Sentencing for August 6, 2026. (*Id.*) On July 30, 2026, Defendant filed the instant Motion to Continue Sentencing by two weeks so that he may attend a medical appointment to explore his potential for a kidney donation. (ECF No. 294.)

## II. STANDARD OF LAW

Generally, courts consider the following four factors when determining whether or not to grant a continuance: (1) Defendant's diligence in readying his defense prior to the date set for sentencing; (2) the likelihood the continuance would serve a useful purpose; (3) the extent to which granting the continuance will inconvenience the Court and the opposing party; and (4) the extent to which Defendant may suffer harm as a result of the Court's denial. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir. 1985), *amended*, 764 F.2d 675 (9th Cir. 1985) (internal citations omitted). The weight attributed to each factor varies "with the extent of the showing on the other factors." *Id.* Ultimately, district courts have broad discretion when deciding whether to

grant a continuance. *See United States v. Garrett*, 179 F.3d 1143, 1145 (9th Cir. 1999).

## III. ANALYSIS

Defendant argues the second and third *Flynt* factors weigh in favor of granting a continuance. (ECF No. 294 at 2.) The Government disagrees. (ECF No. 304.) The Court addresses each factor in turn.

### A. Diligence

Neither Defendant nor the Government addresses this factor. (*See generally* ECF Nos. 294, 304.) The Court nevertheless considers Defendant's diligence in preparing for sentencing. Defendant filed objections to the PSR on July 23, 2026 (ECF No. 291), and a sentencing memorandum (ECF No. 298) in advance of his August 6, 2026, sentencing. These filings demonstrate that Defendant has prepared his sentencing position and identified the issues he intends to raise. Although Defendant previously requested eight continuances, the Government did not oppose those requests, and the record does not establish that they resulted from Defendant's lack of preparation.

In short, the Court finds that Defendant has demonstrated diligence, and this factor does not weigh against continuing sentencing.

### B. Usefulness

Defendant argues that a continuance would allow him to obtain additional information concerning his potential kidney transplant. (ECF No. 294 at 2–3.) He states that his kidney function has declined to between 16 and 19 percent and that, despite months of effort, he has been unable to obtain a transplant timeline. (*Id.*) Defendant expects to receive updated information concerning his prognosis and possible chain donation at an August 12, 2026, appointment. (*Id.*) He contends that a continuance would allow counsel to resolve "critical timing questions" concerning his health. (*Id.* at 3.)

The Government responds that the August 12 appointment will merely explore chain donation and that, even if chain donation proves feasible, no timeline exists for the transplant. (ECF No. 304 at 1.) The Government therefore argues that this uncertain possibility does not justify an indefinite continuance. (*Id.*)

The Court finds that a continuance would not serve a sufficiently useful purpose. Defendant does not anticipate surrendering immediately after sentencing. (ECF No. 294 at 3.) Sentencing on August 6, 2026, therefore will not prevent him from attending his August 12 appointment. Moreover, the record does not establish that the appointment will produce a definite transplant timeline. At most, the appointment may provide additional information concerning an uncertain process. That possibility does not justify further delaying sentencing. Thus, the Court finds this factor weighs against continuing sentencing.

C. Inconvenience

Defendant argues that a two-week continuance would not unduly prejudice the Government because the relevant issues would not materially change during that period. (ECF No. 294 at 3.) The Government responds that it has accommodated Defendant's eight prior continuance requests without objection, thereby allowing Defendant time to explore treatment options. (ECF No. 304 at 1.) The Government emphasizes, however, that it opposed any further delay at the last sentencing hearing. (*Id.*) It argues that another continuance would undermine "the public interests in finality, deterrence, public safety, and promoting respect for the law." (*Id.*)

The Court finds that another continuance would inconvenience both the Court and the Government. Defendant has requested eight continuances, and sentencing has remained pending for nearly two years since his guilty plea. The Government has repeatedly accommodated those requests and prepared to proceed with sentencing on August 6, 2026. Another postponement would require the Government to adjust its schedule and prepare for sentencing yet again.

A further continuance would also burden the Court. The Eastern District of California is one of the busiest federal judicial districts in the country. Each continuance requires the Court to vacate reserved hearing time, identify a new sentencing date, and devote additional resources to managing the matter. Repeatedly rescheduling sentencing consumes scarce judicial resources and delays the resolution of other pending matters. Moreover, because Defendant has not identified a definite transplant timeline, the requested continuance may result in further postponements and additional burdens on both the Court and the Government. Thus, the Court finds this factor

weighs against continuing sentencing.

D. Prejudice

Neither Defendant nor the Government addresses this factor. (*See generally* ECF Nos. 294, 304.)

The Court nevertheless finds that Defendant will not suffer harm as a result of the denial. Defendant has filed objections to the PSR and a sentencing memorandum, and he does not identify any argument or evidence that he cannot present at the scheduled sentencing. Moreover, because Defendant does not anticipate surrendering immediately after sentencing, denying the continuance will not prevent him from attending his August 12, 2026 appointment, obtaining updated medical information, or continuing the transplant-evaluation process. No transplant is presently scheduled, and the record does not establish that proceeding with sentencing will delay or otherwise interfere with Defendant's medical care. Any potential harm therefore remains speculative. Thus, the Court finds this factor weighs against continuing sentencing.

In sum, the Court finds on balance the *Flynt* factors weigh against granting the Motion to Continue.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion (ECF No. 294) is DENIED. Defendant's sentencing will proceed on Thursday, August 6, 2026, at 9:30 a.m. in Courtroom 2.

IT IS SO ORDERED.

DATE: August 4, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE